UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE RENE RAMIREZ,

        Petitioner,        Case No. 1:08-cv-424

v.        Honorable Robert J. Jonker

JOHN PRELESNIK,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner pleaded nolo contendere to first-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520b on March 21, 2002. Petitioner filed a brief with the Michigan Court of Appeals, which was denied as defective on May 29, 2002. Petitioner did not correct his appeal or seek leave to appeal from the Michigan Supreme Court. On January 10, 2006, Petitioner filed a MICH. CT. R. 6.500 motion with the Kent County Circuit Court raising three grounds:

Issue I.

THE DEFENDANT WAS CHARGED UNDER THE WRON[G] STATUTE THAT WAS NOT WAIVED BY HIS PLEA OF NOLO CONTENDERE BECAUSE IT PRECLUDES THE PROSECUTOR FROM OBTAINING A VALID CONVICTION AGAINST DEFENDANT AND IMPLICATES THE AUTHORITY OF THE STATE TO PROSECUTE DEFENDANT WHICH CONTINUED A VIOLATION OF HIS DUE PROCESS RIGHTS THAT RESULTED IN A MISCARRIAGE OF JUSTICE.

Issue II.

THE TRIAL JUDGE['S] DENIAL OF DEFENDANT['S] REQUEST TO WITHDRAW HIS PLEA OF NOLO CONTENDERE IN THE INTEREST OF JUSTICE BEFORE SENTENCING BASED ON AN [SIC] PLEA PROCEEDING ERROR AND INSUFFICIENT FACTUAL BASES WAS AN ABUSE OF DISCRETION THAT VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS WHICH RESULTED IN A MISCARRIAGE OF JUSTICE AND ORDERING A NEW TRIAL.

Issue III.

THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT HIS PLEA PROCEEDING AND SENTENCING HEARING BECAUSE HIS DEFENSE COUNSEL [GAVE] INACCURATE LEGAL ADVICE [TO] INDUCE AN INVOLUNTARY PLEA AND FAILED TO PROPERLY RAISE THE ISSUE IN THIS MOTION AT HIS TRIAL WAS PREJUDICE TO HIM AND VIOLATED HIS RIGHT TO DUE PROCESS REQUIRING VACATING HIS CONVICTION AND SENTENCE AND ORDERING A NEW TRIAL.

Petitioner's MICH. CT. R. 6.500 motion was denied on March 27, 2006. He sought leave to appeal from the Michigan Court of Appeals and the Michigan Supreme Court. The appellate courts denied his applications on May 30, 2007 and October 29, 2007, respectively.

Petitioner filed his application for habeas relief with this Court on May 6, 2008. At the same time, he filed a motion requesting equitable tolling of the statute of limitations asserting that he "missed the deadline because [Petitioner] does not know how to speak in English or understand the English language." (Mot. at 4, docket #2.)

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to paragraph eight of Petitioner's application, Petitioner did not file a direct appeal with the Michigan Court of Appeals or Michigan Supreme Court.[1]  The one-year limitations period, however, did not begin to run until the one-year period in which Petitioner could have sought review in Michigan Court of Appeals.  The Sixth Circuit has held in a case filed pursuant to § 2255, that when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered, *see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir.), *cert. denied*, 122 S. Ct. 573 (2001), or on the date on which the time for filing such appeal expired, *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).  *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).  If a defendant did not pursue a direct appeal, there is no judgment by the Court of Appeals from which he could seek review in the Supreme Court, so the 90-day period for filing a petition for writ of habeas corpus is

---

[1] Petitioner attempted to file an appeal of his conviction, but it was rejected as defective. (Ex. E at 63, docket #1-6.)

- 4 -

not relevant and may not be counted for purposes of calculating the one-year statute of limitations. *Id.*

Section 2244(d)(1) is more specific than § 2255, directing that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." (Emphasis added.) Section 2255, in contrast, states that the period of limitations begins to run from "the date on which the judgment of conviction becomes final." Under the clear language of § 2244(d)(1), Petitioner's time for filing a petition under § 2254 clearly includes the time for seeking review to the Michigan Supreme Court. However, the reasoning of *Cottage* strongly suggests that the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court. *Cottage*, 307 F.3d at 499. Because Petitioner failed to file an appeal to the Michigan Supreme Court, no judgment exists from which he could seek further review in the United States Supreme Court since the Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ." 28 U.S.C. § 1257(a). Applying *Cottage*, I conclude that a judgment becomes final for purposes of the statute of limitations applicable to petitions under § 2254 on the last date for filing that level of appeal which Petitioner defaulted, in this case, his appeal to the Michigan Supreme Court. *Id. Accord Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Under Michigan law, a delayed application for leave to appeal to the Michigan Court of Appeals may not be filed more than 12 months after the date of judgment or order being appealed." MICH. CT. R. § 7.205(F)(3). This one-year period expired on March 21, 2003. *See Bronaugh*, 2000 WL 1847861, at *3 (under FED. R. CIV. P. 6(a), the first day for counting purposes

does not include the day of the act, event or default from which the designated period of time begins to run).

Petitioner had one year from March 21, 2003, to file his habeas application. Petitioner filed on May 6, 2008. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

Petitioner also filed a MICH. CT. R. 6.500 motion with the Kent County Circuit Court on January 10, 2006. It was denied and he sought leave to appeal from the Michigan Court of Appeals and Michigan Supreme Court. His request was denied by the appellate courts on May 30, 2007 and October 29, 2007, respectively. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) Because Petitioner's one-year period expired in 2003, his collateral motion filed in 2006 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*,

250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner states that he tried to directly appeal his conviction, but it was defective. Petitioner asserts that "[h]e failed to request an attorney because he could not speak, read, or write English." (Mot. at 7.)  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (unpublished case citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).  Additionally, the inability to speak, write and/or understand English will not automatically excuse a petitioner reasonable cause for failing to know about the limitations period.  *See Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002).

To the extent Petitioner argues that he is entitled to equitable tolling because Michigan prison facilities failed to provide him with a Spanish speaking interpreter, his argument fails.  (Mot. at 7.)   "Were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking.  Such a result is contrary to common sense." *Cortez v. Petrovsky,* No.

803CV1482T30MSS, 2006 WL 289113, *1-2 (M.D. Fla. Feb. 7, 2006) (failure to provide Spanish speaking interpreters to non-English speaking inmates in the Florida prisons does not warrant equitable tolling); *see also Fennell v. Artuz,* 14 F.Supp.2d 374, 377 (S.D.N.Y. 1998) (tolling the statute of limitations for prisoners while they learn English and educate themselves in the law, would defeat the limiting purposes of AEDPA). Petitioner is not entitled to equitable tolling for his lack of a Spanish-speaking interpreter. *See Nguyen v. Golder,* 133 F. App'x 521, 523-24 (10th Cir. 2005) (lack of Vietnamese translator did not warrant equitable tolling); *Huang v. United States,* Nos. 03 Civ. 3755(RPP), 91 Cr. 827(RPP), 2003 WL 22272584 (S.D.N.Y. Oct. 2, 2003) (lack of Chinese interpreter failed to warrant equitable tolling). Complaining about the lack of Spanish speaking interpreters is similar to complaining about an inadequate law library, unfamiliarity with the legal process, lack of representation, or illiteracy. *Hurtado v. Cockrell,* No. 3:02-cv-0778-M, 2002 WL 32438776, *5 (N.D. Tex. 2002). Accordingly, Petitioner is not entitled to the equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that Petitioner's Motion for Equitable Tolling (docket #2) be denied and that the habeas corpus petition be dismissed because it is barred

by the one-year statute of limitations.  I further recommend that a certificate of appealability be

denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  July 28, 2008                               /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).