UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE RENE RAMIREZ,

       Petitioner,

                                  CASE NO. 1:08-CV-424

v.

                                  HON. ROBERT J. JONKER

JOHN PRELESNIK,

       Respondent.

_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 9) and Petitioner Ramirez's Objections to Report and Recommendation (docket # 10).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Mr. Ramirez is not entitled to equitable tolling of the statute of limitations on his habeas claim, is factually sound and legally correct. A party seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 and n. 8 (2005)). Plaintiff has failed to satisfy this test.

Mr. Ramirez admits that he did not file his habeas petition within the controlling one year period under the AEDPA (docket # 2, ¶ 10). Plaintiff objects, however, to the Magistrate Judge's conclusion rejecting equitable tolling. He asserts that equitable tolling is appropriate because (1) he cannot read, speak or write English; (2) he is in special education and has neither a high school diploma nor its equivalent, and his ability to understand the law is limited; and (3) he has DNA evidence that demonstrates his innocence. (Pet.'s Obj. to Report and Recommendation, docket # 10, at 2.)

Mr. Ramirez's first objection, that equitable tolling applies because of his difficulty communicating in English, reiterates an argument he has already presented and which the Report and Recommendation addresses fully and appropriately. (*See* Report and Recommendation, docket # 9, at 7-8.) For the reasons set forth in the Report and Recommendation, the Court rejects Mr. Ramirez's argument that his language difficulties warrant equitable tolling.

Mr. Ramirez's second objection, that his ability to understand the law is limited, also fails. Ignorance of the law does not support equitable tolling. *See*, *e.g., United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999); *Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001); and *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998).

Finally, Mr. Ramirez's objection that he has DNA evidence does not justify equitable tolling in this case. Where a petitioner makes a credible showing of actual innocence, equitable tolling may be appropriate. *Souter v. Jones*, 395 F.3d 577, 599-602 (6th Cir. 2005). Such cases are "rare and extraordinary." *Id.* at 590. In *Souter*, the petitioner presented extensive new exculpatory evidence, including, for example, photographs previously unavailable and changed testimony of key witnesses. *Id.* at 591-92. The new evidence undermined confidence in the result of his trial. *Id.* at 590. In contrast, Mr. Ramirez has not discovered new evidence; he claims to have been aware of exonerating DNA evidence since before he was sentenced or earlier. (*See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, docket # 1, Ex. D, at 4.) Nor has Mr. Ramirez made a credible showing of actual innocence; he has provided no support for his statement that exonerating DNA evidence exists. Further, the record does not reflect that Mr. Ramirez has been pursuing his rights concerning the purported exonerating evidence diligently. On the contrary, several years elapsed between the deadline for him to file his habeas application and the time he actually did so, even though he claims to have been aware of the existence of DNA evidence throughout this time. (*See* Mot. for Equitable Tolling, docket # 2, ¶ 9.) Mr. Ramirez did not even mention DNA evidence in his Motion for Equitable Tolling and supporting brief. (*See* docket ## 2, 3.) Because Mr. Ramirez has not pursued his rights diligently, and in the absence of

3

a credible showing of actual innocence, Mr. Ramirez's third objection does not support equitable tolling.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Ramirez has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge correctly concluded that Mr. Ramirez's habeas corpus petition is barred by the one-year statute of limitations, and Mr. Ramirez is not entitled to a certificate of

appealability.  Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 9) is **APPROVED AND ADOPTED** as the opinion of the Court.

  **IT IS FURTHER ORDERED** that:

  1. Petitioner's Motion for Equitable Tolling (docket # 2) is **DENIED**;

  2. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

  3. Petitioner is **DENIED** a certificate of appealability.


Dated:  February 24, 2009    /s/ Robert J. Jonker
               ROBERT J. JONKER
               UNITED STATES DISTRICT JUDGE